PER CURIAM:
I
Barnard Construction Co. (“Barnard”) sued the City of Lubbock, Texas (“City”) for breach of contract in the Northern District of Texas. The district court granted the City’s motion for summary judgment, and Barnard appeals.
Barnard submitted the lowest bid for a pipeline construction contract to the City. The City hired an independent engineering company to act as “Engineer” for the project. The Engineer was responsible for, inter alia, the bid form for the pipeline construction project. The bid form included a line item for rock excavation, but only for one of the fifteen pipelines (Line Al), because the Engineer’s data suggested that rock excavation was needed only in the one pipeline. Prior to the bidding process, the City expressly stated that the Engineer’s data was for informational purposes only, and that bidders had the opportunity to drill their own test holes. The City also offered a question and answer session prior to bidding and made changes to the pipeline construction contract via addenda as a result of the question and answer session. Barnard did not drill its own test holes.
Barnard and the City entered into a written contract. The City estimated that 410 cubic yards of rock would need excavating from Line Al; but whatever quantity of rock was excavated from Line Al, the City would pay Barnard at the unit price for which they bid ($200). In performance of the contract, Barnard discovered lines other than Line Al required rock excavation as well. Barnard excavated rock from several lines other than Line Al. After Barnard billed the City for all rock excavated, the City initially paid, but later offset payment for rock excavated outside of Line Al. Barnard sued for breach of contract and on appeal argues for reversal of summary judgment. First, Barnard argues that the City’s decision to pay for all rock excavated is a final, conclusive decision pursuant to the contract. In response, the City maintains it had communicated to Barnard before or at the time of payment that it might later offset payment for rock excavated outside of Line Al.[1] In addition, Barnard argues that the contract *427 is unambiguous in its terms requiring payment of all rock excavated, or alternatively, that it is ambiguous thereby warranting reversal of summary judgment.
II
We review an appeal from summary judgment de novo, applying the same standard as the district court. Degan v. Ford Motor Co., 869 F.2d 889, 892 (5th Cir.1989). Summary judgment is appropriate if there is “no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” FED. R. CIV. P. 56(c). Because this suit is based on diversity jurisdiction, we apply Texas substantive law to determine whether the City was entitled to summary judgment. Fireman’s Fund Ins. Co. v. Murchison, 937 F.2d 204, 207 (5th Cir.1991).
We review the interpretation of a contract, including the question of whether the contract is ambiguous, de novo. Constitution State Ins. Co. v. Iso-Tex Inc., 61 F.3d 405, 407 (5th Cir.1995) (citation omitted).
III
Barnard’s first argument, that the City’s decision to pay for all rock excavated is a final, conclusive decision pursuant to the contract, fails because the contract grants the City authority to make a final determination regarding the amount and quantity of work done by Barnard in excavating rock. Paragraph 47 of the General Conditions reads, in pertinent part:
Any decision by the Owner’s Representative, or deemed denial by the Owner’s Representative, shall be final and conclusive in the absence of fraud.
Paragraph 14 of the “General Conditions of the Agreement,” clearly states, in pertinent part:
Unless otherwise specified, it is mutually agreed between the parties to this Agreement that the Owner’s Representative has the authority to review all work included herein. The Owner’s Representative has the authority to stop the work whenever such stoppage may be necessary to ensure the proper execution of the contract. The Owner’s Representative shall, in all cases, determine the amounts and quantities of the several kinds of work which are to be paid under the contract documents, and shall determine all questions in relation to said work and the construction thereof, and shall, in all cases, decide every question which may arise relative to the execution of this contract on the part of said Contractor.
The record is clear that the City, via the Owner’s Representative, told Barnard that it was only considering Barnard’s request to pay for rock outside of Line Al.[2] Barnard does not allege the City has committed fraud in making this decision. The Owner’s Representative made a final decision as to the amount and quantity of excavated rock for which Barnard was to be paid when it determined under the contract that it need not pay for rock excavated outside of Line Al.
IV
Barnard’s second argument also fails. First, it argues that the contract is *428 unambiguous thereby requiring payment for rock excavated outside of Line Al. Alternatively, Barnard argues the contract is ambiguous and therefore creates a genuine issue of material fact, requiring reversal and remand. Whether a contract is ambiguous is a question of law for the court to decide. Coker v. Coker, 650 S.W.2d 391, 394 (Tex.1983). If the written contract is worded such that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex.2003); Coker, 650 S.W.2d at 393. The court must give meaning to each of its provisions, in light of the circumstances surrounding the contract’s execution, excluding statements of the parties as to what they intended. Davidson, 128 S.W.3d at 229; see also Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154, 157 (1951).
First, Barnard argues that the following circumstances, which they contend were not taken into account by the district court, existing at the time of execution, support its interpretation that the contract is unambiguous: (1) the City provided all the forms for the bidding process and did not allow any alteration of the form or negotiation of the terms; (2) no bidder could bid on a unit price for rock anticipated to be encountered except on the blank provided for rock excavation on Line Al; and (3) no bidder could increase an amount for work performed on one line in order to “pad” or “cover” unpaid work performed on another line. As the argument goes, because Barnard could not bid on rock outside of Line Al, it was irrelevant whether it took the opportunity to investigate the sub-surface conditions outside of Line Al. However, Barnard neglects to consider that the City did allow for an opportunity for the bidders to ask questions, a process through which the contract could be changed and through which addenda were added to the contract.
In the General Conditions section of the contract, under Paragraph 17, “Contractor’s Understanding,” it states:
It is understood and agreed that the Contract has, by careful examination, satisfied itself as to the nature and location of the work, the confirmation of the ground, the character, quality and quantity of materials to be encountered, the character of equipment and facilities needed preliminary to and during the prosecution of the work, and the general and local conditions, and all other matters which in any way affect the work under the contract documents.
Unless otherwise specified herein, all loss, expense, or damage to Contractor arising out of the nature of the work to be done, or from the action of the elements, or from any unforeseen circumstance and the prosecution of the work, shall be sustained and borne by the Contractor at its own cost and expense.
Paragraph 17 of the General Conditions clearly places the risk of unforeseen circumstances on Barnard. See I.O.I. Sys., Inc. v. City of Cleveland, 615 S.W.2d 786, 789 (Tex.App.1980). Barnard bore the risk in undertaking the project under the terms of the contract.
Arguing that the City’s interpretation is unreasonable because it confers a windfall, Barnard maintains that Paragraph 1.6 of Section 01020 of the contract unambiguously mandates payment for rock excavation, including “all of the extra cost of equipment and labor associated with the excavation of rock over and above the excavation of nonrock materials in a tunnel or trench.” Section 01020 is titled, “Measurement and Payment.” Paragraph 1.6 appears in Part 1, titled, “General.” The *429 contract has both specific provisions, such as providing a line item for rock excavation only for Line Al, as well as general provisions, for example in Section 01020 in Paragraph 1.6 labeled “Rock Excavation,” in which it states, “[p]ayment will be made at the unit price bid for Rock Excavation.” Where a contract “appears on the surface to be ambiguous ... the apparent ambiguity may be resolved by the application of a well-settled rule of construction, to wit: that if general terms appear in a contract, they will be overcome and controlled by specific language dealing with the same subject.” City of San Antonio v. Heath & Stick, Inc., 567 S.W.2d 56, 60 (Tex.App.1978). The fact that the only place where a line item appears for rock excavation is for Line Al, a specific provision, suggests that the agreement between the parties was to pay for rock excavation only on Line Al. This interpretation of the contract is further supported by the provision in Section 01020 entitled “Scope,” in which it states:
The unit price bid on each item stated in the Bid Form shall include furnishing all labor, superintendence, machinery, materials, equipment and incidentals necessary to complete the various items of work in accordance with the plans and specification. Cost of work or materials shown on the plans and called for in the specifications for which no separate payment is made shall be included in the bid price on the various pay items.
(emphasis added). The contract clearly evinces a unit price for rock excavation only for the item Line Al.
As an alternative argument, Barnard argues that the contract is ambiguous. First, Barnard disagrees that the phrase “on each item stated in the Bid Form” in the “Scope” of Section 01020 is unambiguous. It points to the fact that this is a unit price contract because the City had to make estimations for each line item, including an approximate amount of rock to be excavated. Barnard maintains that the phrase “on the project” at the end of Paragraph 38, “Quantities and Measurements,” found in the General Conditions,[3] refers to the project as a whole, not to rock excavation on Line Al. As the argument goes, the City is therefore required to pay Barnard for all rock excavated on the whole project. Barnard states, “[t]he term ‘project’ is not defined by the contract, but ‘Project Number’ is identified throughout the contract as ‘Project Number 293-6903’ .... ” Barnard’s invocation of Paragraph 38 is unavailing for the same reason its attempt to use Paragraph 1.6 of Section 01020 is. The unit price bid blank found in Line Al plainly evidences that the City expected drilling only on Line Al and requested bids on rock excavation on that one line.[4] Barnard ignores the fact that the City’s estimate of 410 cubic yards of rock was only for Line Al, and not for all of the lines in total. We find that the *430 contract between Barnard and the City is not ambiguous in its terms that rock excavation would be paid only for that performed on Line Al.
V
For the aforementioned reasons, we AFFIRM the district court’s grant of the City’s summary judgment motion.

. Barnard contests the date this communication was made.

. While Barnard disputes the date on which the City informed Barnard that it would only consider the payment, the date is not disposi-tive; nor is the fact that the communication was made. The fact that Barnard was initially paid for the rock excavated outside of Line Al is also irrelevant. The contract places authority over final decisions on the Owner’s Representative. After reviewing the City's obligations under the contract, the City and the Owner's Representative correctly determined that it need not pay for rock excavated outside of Line Al.

. Paragraph 38 reads:
Where the estimated quantities are shown, and only when same are expressly stated to be estimates, for the various classes of work to be done and material to be furnished under this contract, they are approximate and are to be used only as a basis for estimating the probable cost of the work and for comparing their bids offered for the work. In the event the amount of work to be done and materials to be furnished are expressly stated to be estimated, and only when same are expressly stated to be estimated, it is understood and agreed that the actual amount of work to be done and the materials to be furnished under this contract is the unit price method, payment shall be for the actual amount of work done and materials furnished on the project.

. It bears repeating that Barnard had the opportunity to drill its own test holes prior to bidding. Instead, Barnard relied on the Engineer's data.