**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-30563
Summary Calendar

ANNE VICTORIA LENNOX, etc.; ET AL.,

Plaintiffs,

v.

HALLMARK CAPITAL GROUP, LLC,

Intervenor–Appellant,

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-7222

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hallmark Capital Group, LLC d/b/a Paul Davis Restoration of Southwest

Houston (Hallmark) appeals the oral judgment of the district court granting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment as a matter of law to State Farm Fire & Casualty Company (State Farm) on Hallmark's breach of contract claim. We affirm.

**I**

Victoria Lennox and Joseph Bartels are the owners of an office building located at 3900 Canal Street in New Orleans. In 2005, the building was severely damaged as a result of Hurricane Katrina. Hallmark and Bartels subsequently entered into a two-part Emergency Repairs Authorization (ERA). Bartels signed the first portion of the ERA, authorizing Hallmark to perform emergency construction repairs and remedial work on the office building. However, upon completion of the repairs, Bartels refused to sign the second portion of the ERA, which contained a payment directive authorizing Lennox and Bartels's insurance company, State Farm, to pay Hallmark directly for the repair costs.

Prior to the ERA, Hallmark entered into a Premier Service Contractor Agreement (PSCA) with State Farm. Pursuant to the PSCA, after abiding by contractually required procedures, Hallmark could participate in the Premier Service Program. Under that program, Hallmark could perform construction and repair work on property of State Farm's insureds, and State Farm would pay Hallmark directly for such work. The PSCA was not an exclusive agreement and did not preclude Hallmark from performing other outside work.

Lennox and Bartels brought suit against State Farm for claims to insurance proceeds as a result of damages sustained to the their property during Hurricane Katrina. Hallmark intervened, asserting its interest in the office building for the repair work it performed. At the conclusion of all testimony and evidence, the district court granted judgment as a matter of law, eliminating Hallmark's breach-of-contract claim against State Farm from the jury's consideration. The court explained that it found insufficient evidence upon which a reasonable jury could find in favor of Hallmark on any of its contract

claims and that there was undisputed evidence that the PSCA did not apply. Hallmark timely appealed.

## II

We review a district court's ruling on a motion for judgment as a matter of law de novo.[1] Under this standard, we view all of the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion."[2] A district court may not grant a motion for judgment as a matter of law "unless a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[3] Determining whether the PSCA applies in this case is a question of law that we also review de novo.[4]

According to the PSCA, to participate in the Premier Service Program the contractor must follow several requirements and procedures. First, before inspecting the property in question, the contractor must accept or reject an offer from State Farm to provide repair services to a State Farm policyholder. The contractor must then inspect and assess the damage to the building and generate an estimate using a version of an estimating product compatible with the system utilized by State Farm. Additionally, before commencing any work, the contractor must obtain a repair authorization from the policyholder and send the form to State Farm by facsimile.

---

[1] *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 622 (5th Cir. 2008) (quoting *Delano-Pyle v. Victoria County*, 302 F.3d 567, 572 (5th Cir. 2002)).

[2] *Id.* (quoting *Delano-Pyle*, 302 F.3d at 572).

[3] *Id.* (quoting *Delano-Pyle*, 302 F.3d at 572).

[4] *See Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 685 (5th Cir. 2008) ("We also review de novo 'the interpretation of a contract, including the question of whether the contract is ambiguous.'" (quoting *Barnard Constr. Co. v. City of Lubbock*, 457 F.3d 425, 427 (5th Cir. 2007))).

Instead of accepting or rejecting an offer from State Farm, Hallmark solicited the repair work on the office building when it was repairing another property owned by Lennox and Bartels. Additionally, Hallmark did not use an approved estimating product to estimate the costs for the repairs. Finally, Hallmark did not submit a repair authorization to State Farm before commencing the repairs. It is undisputed that Hallmark did not comply with the requirements and procedures of the PSCA. Therefore, the PSCA did not apply to Hallmark's repairs of Lennox and Bartels's office building.

Moreover, Hallmark's statements in its pleadings to the district court also show that it cannot recover from State Farm. In its "Statement of Material Facts," Hallmark explained that Lennox and Bartels's "assignment of their rights under its insurance contract was a condition precedent to Hallmark's recovery from the insurer." Hallmark then stated that Lennox and Bartels "have refused to execute the assignment to insurance proceeds to Hallmark." We agree with Hallmark that because Lennox and Bartels refused to execute the portion of the ERA assigning their rights under their insurance contract, the condition precedent was not satisfied and Hallmark cannot recover from State Farm.

Because we conclude that the PSCA did not apply to the repair work of the office building and Lennox and Bartels never assigned their rights to the insurance proceeds, there can be no breach of contract as between Hallmark and State Farm.

AFFIRMED.